No. 61166.—Camera Specialty Company, Inc v. United States, protest 287747–K (New York).

RICHARDSON, Judge: Merchandise assessed at 20 percent ad valorem under paragraph 1551, Tariff Act of 1930, as photographic cameras and parts thereof, not specially provided for, is claimed dutiable at 15 per centum ad valorem under the provision in said paragraph, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52820), for "Photographic cameras not specially provided for, valued at $10 or more each (except motion-picture cameras and fixed-focus cameras)."

In an amendment to plaintiff's protest, it is claimed that written notice of appraisement was not given, as required by title 19, United States Code, section 1501; that, because of this omission, the appraisement and the liquidation of the entry based thereon are void; and that the case must be remanded to a single judge for a determination of the dutiable values of the merchandise in question.

The case has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the respective parties hereto, subject to the approval of the Court, that the above captioned matter be deemed submitted upon the following facts:

1. The merchandise covered by the entry in question (Warehouse Entry No. 2971) dated July 30, 1953, consists of 36 cases of photographic equipment invoiced at a total value of $43,319.25. Included in the total invoice value were freight costs in the sum of $160.00 (a non-dutiable charge) and cost of packing in the sum of $450.00 (a dutiable charge) making a total entered value of $43,159.25.

2. A portion of the entry in question consisted of 24 cases of photographic cameras each imported with a leather carrying case, which merchandise was invoiced by the importer at a value of $11.65 per unit, including camera and leather carrying case, and entered under paragraph 1551 of the Tariff Act of 1930, as amended, as cameras valued at $10.00 or more each nspf at the rate of 15% ad valorem. The 24 cases are identified on the entry and invoice as cases GW 400 to GW 423 inclusive.

3. Upon appraisement of said merchandise, the aforesaid camera and leather carrying case were separately classified. A value of $1.65 was set for the leather carrying case, and a value of less than $10.00 was attributed to the photographic cameras. A rate advance was indicated by the Appraiser in connection with the cameras and the leather carrying cases due to a change in classification relative thereto. The value of each camera was reduced as a result of a pro-rata reduction of the invoice value of all merchandise by the $160.00 non-dutiable freight charge originally included in the total invoice value causing said cameras to be classified as cameras valued at less than $10.00 at a rate of 20% rather than cameras valued at $10.00 or more at a rate of 15% under the provisions of paragraph 1551. The leather

carrying cases were reclassified and assessed for duty under paragraph 1531 at the increased rate of 20% ad valorem.

4. In addition to the action of the Appraiser affecting the classification of the cameras and leather carrying cases as aforesaid and the resulting rate advance, certain other of the merchandise entered under of the entry in question was advanced in value.

5. Appraisement was completed on June 11, 1954, and was finally appraised on June 14, 1954. On August 20, 1954, a notice of appraisement was forwarded to the importer of record. The entry was subsequently liquidated based upon the appraisement of the Appraiser.

6. The aforesaid notice of appraisement advised the importer *only* that the "appraised value exceeds the entered value".

7. The aforesaid notice of appraisement did not notify the importer that "a change in classification of the merchandise has resulted from the Appraiser's determination of value" when in fact such a change in classification did result from the Appraiser's determination of value relative to the cameras as aforesaid.

8. No appeal for a reappraisement herein was filed; a protest herein was timely filed.

9. Section 501 of the Tariff Act of 1930, as amended states as follows:

(a) The collector shall give written notice of appraisement to the consignee, his agent or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value.

Right to first docket call and right to amend are hereby waived.

It is agreed in the stipulation that the collector did not notify the plaintiff that "a change in the classification of the merchandise results from the appraiser's determination of value," as is required by title 19, United States Code, section 1501. In view of the failure of the collector to give the required notice to the plaintiff, the liquidation of the entry in question is invalid and void.

Title 28, section 2636 (d) of the United States Code, provides as follows:

(d) If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values. (June 25, 1948, ch. 646, § 1, 62 Stat. 981.)

In view of the finding of the court and the requirements of title 28, section 2636 (d), it is ordered, adjudged, and decreed that this protest be remanded to a single judge sitting in reappraisement to determine the dutiable value of the imported merchandise in cases marked GW 400 to GW 423, inclusive.

Judgment will be rendered accordingly.